UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLOS JOSE LOPEZ, :
: Civil Action No. 11-3717 (MLC)
         Plaintiff, :
:
    v. : **MEMORANDUM & ORDER**
:
GREG BARTKOWSKI, et al. :
:
         Defendants. :

    28 U.S.C. Section 1915 establishes financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis. A prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, stating that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of the inmate trust fund account statement for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which the prisoner was or is confined. Id.

    Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of

the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the complaint for any of these reasons, the prisoner will not get the filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, the prisoner cannot bring another action <u>in forma pauperis</u> unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this case, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Greg Bartkowski, Crystal Raupp and Frank Bruno. The complaint as filed appears to be missing several pages. Further, Plaintiff only filed a partial application to proceed <u>in forma pauperis</u> and did not submit a certified six month account statement. Plaintiff later filed a letter acknowledging that he had improperly filed his complaint and requesting that the Court return his documents to him so he can properly file his civil action.

2

**IT IS THEREFORE**, on this    12th    day of September, 2011;

**ORDERED** that Plaintiff's application to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that the Clerk of the Court send Plaintiff a blank form application to proceed in forma pauperis; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher U.S. Courthouse and Federal Bldg., 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed in forma pauperis application, including a certified six-month prison account statement, or (2) the $350 filing fee.  Plaintiff shall also submit a complete copy of his complaint; and it is further

3

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court (1) serve a copy of this Order and a copy of all other documents previously filed in this case upon Plaintiff by regular U.S. mail, and (2) designate the action as **CLOSED.**

                                         s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge